```
Filing In Pro Per as a Natural Man
PO BOX 1401
Oakland California 94604
```

FILED

08 JUN 23 PM 2:01

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Arvind Balu,                          ) Case No.: C08-3014 WHA
                                      )
          Plaintiff,                  ) MOTION TO ALLOW ELECTRONIC FILING IN
                                      ) CASE C 08-03014 WHA
     vs.                              )
                                      )
Lake County et al,                    )
                                      )
          Defendant                   )

Dated this 20th day of June, 2008

_____
Filing In Pro Per as a
Natural Man

COMES HERE Arvind Balu, in the above captioned matter, to request electronic filing authorization. Opposing counsel is at a tactical advantage to pro per plaintiffs as they have this capability. Balu was previously granted this in a previous related case, and attempted to apply this here, but found the client code only applies to the previous case; (see attached). The ability to e-file allows litigants to file on the day a pleading is due; a paper copy can follow, and additional courtesy copies as each judge has there own rules for copies sent to chambers; litigants without that ability must certify mailing of copies via third parties the date a pleading is due; an extra burden on pro per plaintiffs operating without legal staff. It would be

COMPLAINT FOR DAMAGES UNDER 42 U.S.C. 1983 DEMAND FOR JURY TRIAL - 1

1  convenient if those who have access to computer were offered e-filing when
2  the initial filing is made, so this additional motion would not be needed.
3  In the interest of justice and equity, Balu moves the Court to grant e-filing
4  capability to level the playing field with opposing counsel; Balu has not
5  made application for appointment of counsel at this time; and the attorneys
6  Balu has been seeking advice from have not been formally substituted as of
7  today, June 20, 2008 as counsel of record.  This was due delay in the
8  turnover of files by previous counsel.  Balu has filed his pleading in
9  propria persona, and noted the counsel that have acted in and agreed to act
10 in an advisory capacity; it is anticipated that at some point after the files
11 are reviewed and the representation agreement is formalized, some will go on
12 record and others will continue in an advisory/consulting capacity.  This has
13 been done to assure the Court that this case will be handled with the highest
14 standards of professionalism and accuracy, and because Balu fears retaliation
15 by the defendants.  With attorneys working on the case, it is not logical to
16 harm Balu, as whether Balu is incapacitated or not the case will still be
17 pursued in the interest of justice.  Balu suffered retaliation the last time
18 he proceeded pro per; though it was not physical it was emotionally and
19 socially harmful to the extent Balu could no longer proceed.  That
20 retaliation was reported to opposing counsel, Lomabardi, Loper, Conant LLP,
21 who did nothing and enjoyed benefiting from it tactically.  Balu was expelled
22 form Berkeley without even a notice of a hearing or due process, after
23 fabricated allegations of verbal misconduct, in an act of further
24 discrimination, after filing a complaint with this Court regarding just that.
25 Pro per plaintiffs do not have the protections those represented by counsel,

1 and opposing counsel take every advantage of this; they even tacitly allow
2 their clients to take retaliatory measures against the plaintiff.  Balu
3 asserts here that the previous filing authorization and filing was
4 meritorious, and even with electronic access to the Court granted could not
5 continue briefing the case; this complaint before the Court deals with not
6 only the issues of discrimination and stigma, but goes to the source of the
7 issue and social disability- the wrongful conviction he suffered.  Balu
8 intends to pursue this complaint diligently and with all the assistance of
9 counsel he can obtain; the reason he had not filed this complaint previously
10 was because he had two attorneys at the time of the filing of Balu v.
11 Jacobsen, et al that represented him in state civil remedies related to this
12 matter pertaining to the Victims Compensation Fund.  Balu could not afford
13 to have them act on his behalf in Balu v Jacobsen as well.  Now, with a
14 conflict with the previous attorney, and being informed of the availability
15 of federal civil rights actions just two weeks before the deadline by new
16 attorneys since previous attorneys had not.
17 Thus, Balu requests an even playing field in this litigation, and electronic
18 filing client code authorization to use with the PACER system.

                                                  Arvind Balu

COMPLAINT FOR DAMAGES UNDER 42 U.S.C. 1983 DEMAND FOR JURY TRIAL - 3

1  \

2  ----- Original Message ----
From: "ECFREG@cand.uscourts.gov" <ECFREG@cand.uscourts.gov>
3  To: arv ind <arvbaluberk@yahoo.com>
Sent: Wednesday, June 18, 2008 9:09:18 AM
4  Subject: Re: e fiing document

5
There is no attachment to this e-mail. What is your case number, please?
6
Thank you,
7
~ECFREG
http://ecf.cand.uscourts.gov
8

9

10  arv ind <arvbaluberk@yahoo.com>                    To ecfreg@cand.uscourts.gov
                                                      cc
    06/17/2008 08:55 PM
11                                                    Subject e fiing document

12

13

14

15

16

17

18

19

20

21

22

23

24

25

COMPLAINT FOR DAMAGES UNDER 42 U.S.C. 1983 DEMAND FOR JURY TRIAL - 4