IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARVIND BALU,<br><br>   Plaintiff,<br><br> v.<br><br>LAKE COUNTY, *et al.*,<br><br>   Defendants.<br>_____/ | No. C 08-3014 SI<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS AND GRANTING<br>PLAINTIFF LEAVE TO AMEND** |

  Numerous defendants have filed motions to dismiss the complaint, currently scheduled for a hearing on December 19, 2007. Plaintiff, who is acting pro se, has not filed an opposition. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motions are appropriate for resolution without oral argument, and VACATES the hearing. As set forth below, the Court GRANTS defendants' motions to dismiss and GRANTS plaintiff leave to amend the complaint. If plaintiff wishes to amend the complaint, the amended complaint must be filed no later than **January 5, 2009**.

## BACKGROUND

  On June 18, 2008, plaintiff filed a complaint under 42 U.S.C. § 1983 against numerous defendants.[1] The complaint is 72 pages and consists of 53 pages of "allegations of fact" and 19 pages of "points and authorities" apparently related to a state court motion seeking a finding of factual innocence under California Penal Code § 851.8(c). The complaint alleges that on September 22, 1997,

---

[1] On June 25, 2008, plaintiff filed a motion to amend the complaint to include one additional page that had been inadvertently omitted from the original complaint. That motion was granted, and thus the Court also considers the document at Docket No. 4 in evaluating the sufficiency of the complaint.

plaintiff was wrongfully convicted of numerous felonies (assault with a deadly weapon, false imprisonment during which he personally used a knife, forcible oral copulation, forcible rape and forcible rape in concert, during which he personally used a knife). According to the complaint, as well as court documents submitted by various defendants, on or about December 7, 2000, the California Court of Appeal reversed plaintiff's convictions of rape and rape in concert, finding that the trial court should have allowed the defense to attack the complaining witness's credibility by introducing evidence of entries she made in her diary. The Court of Appeal affirmed the other convictions. Complaint at 7; *People v. Balu* (Dec. 7, 2000, A085440), attached as Ex. 1 to Defendants Bondoc and Gohel's Motion to Dismiss. On May 16, 2006, the Lake County Superior Court granted plaintiff's petition for writ of habeas corpus on the ground that plaintiff "was not competent during the trial in the underlying criminal case." Docket No. 38, Ex. B. The court reversed and set aside the convictions. *Id*. On June 19, 2006, the Lake County Superior Court granted the District Attorney's motion to dismiss the criminal charges against plaintiff. *Id*. Ex. C. On September 28, 2007, the Lake County Superior Court granted a motion filed by plaintiff's attorney to withdraw from the criminal case, finding that "communication between Counsel and client has broken down." *Id*. Ex. D. The September 28, 2007 order also states that "The Motion for Finding of Factual Innocence is dropped without prejudice." *Id*.

In this lawsuit, plaintiff has sued Lake County, the Lake County Sheriff's Department, Detective Jan Layfield, several current and former Lake County District Attorneys, the Lakeport Police Department, Officer Erickson, Lake County Mental Health, California Board of Corrections, Inspector Ganter, Lake County Sheriff's Jail Division, Sergeants Denton and Crouch, Lake County Probation Department, Contra Costa County, Contra Costa County Crime Laboratory, CSI person Kimmel, State of California, Office of Criminal Justice Planning, Child Protective Services, California Department of Mental Health, Director of ASH, Dr. Eric Simon, Berkeley Police Department, "two unknown agents," Atty. Rommel Bondoc, Atty. Jai Gohel, City and County of San Francisco, San Francisco Police Department, and Detective Moorehouse. Although it is at times difficult to discern plaintiff's allegations against specific defendants, the complaint generally alleges a claim under 42 U.S.C. § 1983

2

that defendants violated his due process rights because plaintiff was innocent and incompetent.[2]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984). In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

Various defendants have moved to dismiss the complaint on a number of grounds, including the absence in the complaint of specific factual allegations against each defendant. The Court finds that the complaint is deficient in a number of respects, and in light of the fact that plaintiff is representing himself, will provide guidance in this order regarding how to correct these deficiencies if plaintiff wishes to amend the complaint.

One overarching and potentially fatal problem with the complaint is the statute of limitations.

---

[2] It is unclear whether plaintiff alleges a claim under 42 U.S.C. § 1985. The caption of the complaint references § 1985, but the body of the complaint does not appear to allege a § 1985 claim.

Section 1983 actions in California are subject to a two year statute of limitations. *See* Cal. Code Civ. Proc. § 335.1. Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a Section 1983 claim is not cognizable if the judgment in favor of the plaintiff would necessarily imply the invalidity of the underlying criminal conviction; the bar on such claims continues until the conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 487. Here, the statute of limitations on plaintiff's § 1983 claim related to his 1997 conviction was tolled until the May 19, 2006 state court order granting plaintiff's petition for writ of habeas corpus. This lawsuit was filed more than two years after the May 19, 2006 order, and therefore plaintiff's § 1983 claim is untimely unless plaintiff can show some other basis for tolling the statute of limitations. *See* Cal. Code Civ. Proc. § 352(a) ("If a person entitled to bring an action, . . . is, at the time the cause of action accrued either under the age of majority or insane, the time of the disability is not part of the time limited for the commencement of the action."). Thus, if plaintiff wishes to allege a claim under 42 U.S.C. § 1983 related to his 1997 conviction, he must also allege why that claim is not untimely.[3]

There are a number of other problems with the complaint as currently framed. Plaintiff has sued the State of California. States are generally immune from suit in federal court. *See generally Pennhurst State Sch. & Hospital v. Halderman*, 465 U.S. 89 (1984). States may be sued, however, for prospective declaratory or injunctive relief. *See Ex Parte Young*, 209 U.S. 123, 155-56 (1908). Plaintiff has not alleged what prospective declaratory or injunctive relief he seeks against the state; if he wishes to pursue a claim against the state, the amended complaint must do so.

A plaintiff asserting a claim under 42 U.S.C. § 1983 must show that (1) "the conduct complained of was committed by a person acting under color of state law;" and that (2) "this conduct deprived the claimant of a constitutional right." *Rinker v. County of Napa*, 831 F.2d 829, 831 (9th Cir. 1987). Plaintiff has sued a number of counties and state agencies. In *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978), the Supreme Court held that municipalities such as a county are

---

[3] The Court notes that some allegations in the complaint do not appear directed at the 1997 conviction, such as plaintiff's claims against unknown Berkeley police officers regarding events that occurred in 1997. Absent a ground for tolling, those claims would also be time-barred.

4

"persons" within the meaning of 42 U.S.C. § 1983. *Monell* announced the following standard governing the liability of a municipality under § 1983:

> [A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edits or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible for under § 1983.

*Id.* at 694. "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may be fairly said to be those of the municipality." *Board of the County Commissioners v. Brown*, 520 U.S. 397, 403-04 (1996) (quoting *Monell*). "Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Id.* at 404 (quoting *Monell*). The *Monell* standard governs a county's liability under § 1983. *See McMillian v. Monroe County*, 520 U.S. 781, 783 (1997); *Streit v. County of Los Angeles*, 236 F.3d 552, 564 (9th Cir. 2001). If plaintiff wishes to allege a claim against any county, plaintiff must identify what county "policy" or "custom" he is challenging and how that policy or custom deprived him of his constitutional rights.

In addition, to the extent plaintiff seeks to hold supervisors liable for acts of subordinates, plaintiff is cautioned that "[a] supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

To the extent plaintiff seeks to hold private individuals liable under § 1983, plaintiff must allege that these private parties are "willful participant[s] in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *see also Kirtley v. Rainey*, 326 F.3d 1088, (9th Cir. 2003) (absent *specific* allegations of a conspiracy between private individuals and state agents, plaintiff cannot maintain a Section 1983 claim against private actors). The Court is skeptical that plaintiff can allege a § 1983 claim against the attorneys who represented him in the criminal case. *See Polk County v. Dodson*, 454 U.S. 312, 335 (1981) (a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding).

5

Finally, as defendants note, the complaint does not contain factual allegations specific to each defendant. If plaintiff amends the complaint, plaintiff must ensure that the complaint contains factual allegations showing why each named defendant is liable. Plaintiff is instructed to clearly and concisely state his claim or claims in the amended complaint.[4]

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendants' motions to dismiss. (Docket Nos. 19, 23, 28, 29, 33, 38, 41, & 44). The Court DENIES AS MOOT defendant's request to appear at the December 19, 2008 hearing by telephone. (Docket No. 50). If plaintiff wishes to amend the complaint, the amended complaint must be filed no later than **January 5, 2009**.

**IT IS SO ORDERED.**

Dated: December 15, 2008

SUSAN ILLSTON
United States District Judge

---

[4] As noted above, it is unclear if plaintiff is alleging a claim under 42 U.S.C. § 1985. If plaintiff wishes to allege a § 1985 claim, the amended complaint must identify under which subsection or subsections of § 1985 plaintiff brings his claim, and plaintiff must specifically allege, if he truthfully can, all of the elements of a § 1985 claim. *See* 42 U.S.C. § 1985; *Portman v. County of Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993) (§ 1985(2)); *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (§ 1985(3)).

6