IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARVIND BALU,<br><br>            Plaintiff,<br><br>   v.<br><br>LAKE COUNTY, *et al.*,<br><br>            Defendants.       / | No. C 08-3014 SI<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTIONS TO DISMISS WITHOUT<br>LEAVE TO AMEND** |

Defendants' motions to dismiss are scheduled for a hearing on February 27, 2009. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters appropriate for resolution without oral argument, and hereby VACATES the hearing. For the reasons set forth below, the Court GRANTS defendants' motions to dismiss the third amended complaint without leave to amend.

**BACKGROUND**

On June 18, 2008, plaintiff filed a *pro se* complaint under 42 U.S.C. § 1983 against numerous defendants. The complaint was 72 pages and consisted of 53 pages of "allegations of fact" and 19 pages of "points and authorities" apparently related to a state court motion seeking a finding of factual innocence under California Penal Code § 851.8(c). The original complaint alleged that on September 22, 1997, plaintiff was wrongfully convicted of numerous felonies (assault with a deadly weapon, false imprisonment during which he personally used a knife, forcible oral copulation, forcible rape and forcible rape in concert, during which he personally used a knife). According to the original complaint, as well as court documents submitted by various defendants, on or about December 7, 2000, the California Court of Appeal reversed plaintiff's convictions of rape and rape in concert, finding that the

trial court should have allowed the defense to attack the complaining witness's credibility by introducing evidence of entries she made in her diary. The Court of Appeal affirmed the other convictions. Original Complaint at 7; *People v. Balu* (Dec. 7, 2000, A085440), attached as Ex. 1 to Defendants Bondoc and Gohel's Motion to Dismiss (Docket No. 20). On May 16, 2006, the Lake County Superior Court granted plaintiff's petition for writ of habeas corpus on the ground that plaintiff "was not competent during the trial in the underlying criminal case." Docket No. 38, Ex. B.[1] The court reversed and set aside the convictions. *Id.* On June 19, 2006, the Lake County Superior Court granted the District Attorney's motion to dismiss the criminal charges against plaintiff. *Id.* Ex. C. On September 28, 2007, the Lake County Superior Court granted a motion filed by plaintiff's attorney to withdraw from the criminal case, finding that "communication between Counsel and client has broken down." *Id.* Ex. D. The September 28, 2007 order also states that "The Motion for Finding of Factual Innocence is dropped without prejudice." *Id.*

In the initial complaint, plaintiff sued Lake County, the Lake County Sheriff's Department, Detective Jan Layfield, several current and former Lake County District Attorneys, the Lakeport Police Department, Officer Erickson, Lake County Mental Health, California Board of Corrections, Inspector Ganter, Lake County Sheriff's Jail Division, Sergeants Denton and Crouch, Lake County Probation Department, Contra Costa County, Contra Costa County Crime Laboratory, CSI person Kimmel, State of California, Office of Criminal Justice Planning, Child Protective Services, California Department of Mental Health, Director of ASH, Dr. Eric Simon, Berkeley Police Department, "two unknown agents," Atty. Rommel Bondoc, Atty. Jai Gohel, City and County of San Francisco, San Francisco Police Department, and Detective Moorehouse. Although plaintiff's allegations against specific defendants were unclear, the originally complaint generally alleged a claim under 42 U.S.C. § 1983 that defendants violated his due process rights because plaintiff was innocent and incompetent.

All defendants moved to dismiss the complaint, and on December 12, 2008, the Court granted defendants' motions to dismiss and granted plaintiff leave to amend. The Court found the complaint deficient in a number of respects, and in light of the fact that plaintiff is representing himself, provided

---

[1] Defendants' request for judicial notice of the pleadings and orders in the Lake County Superior Court proceedings is granted.

2

guidance regarding how to correct those deficiencies if plaintiff wished to pursue this action. *See generally* Docket No. 52.

On December 18, 2008, plaintiff filed a document titled "Complaint Entitled, Request Treat Filings Dated 12/12 as 1st Amended Pleadings."[2] Docket No. 58. The Court construes this document as a first amended complaint. This document was handwritten and requested to incorporate a variety of motions filed on the same day amounting to 88 pages. Plaintiff's first amended complaint alleges that Lake County violated plaintiff's rights through its "custom" of "arresting and prosecuting visitors." Amended Complaint, Response to Defendant Lake County at 13. The amended complaint also alleges that Lake County residents had a practice of "vampirism-drinking" of blood and that "people in Lake County had experience and ideation of vampirism as an alternative behavior" and that this Lake County culture subjected plaintiff to bias during his criminal prosecution. *Id.*

Defendants moved to dismiss the amended complaint. Meanwhile, on January 5, 2009, plaintiff filed a "Third Amended Complaint."[3] Docket No. 69. Plaintiff's third amended complaint is 5 pages, and does not contain factual allegations nor does is it organized by claim. The Third Amended Complaint does contain legal argument regarding plaintiff's claims against Lake County and attorneys Rommel Bondoc and Jai Gohel. With respect to all other defendants, the Third Amended Complaint seeks to incorporate all prior pleadings filed by plaintiff, and thus presumably plaintiff wishes to reallege the claims the Court previously found deficient.[4] The Court will treat plaintiff's Third Amended Complaint as the operative complaint even though the structure of the complaint is that of an

---

[2] It appears that plaintiff filed this document before receiving the Court's December 15, 2008 order.

[3] Plaintiff did not file a second amended complaint.

[4] Pursuant to Civil Local Rule 10-1, any party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference. While the Court recognizes plaintiff is representing himself, this does not exempt plaintiff from complying with the rules. In the "Third Amended Complaint," plaintiff states that he is responding to the Court's request for "clarification of the material in the original complaint and subsequent amendments." Third Amended Complaint at 2:10-11. Plaintiff states that all parties should "use the PDF batch search and key word search features embedded in the Court website to resolve this issue." *Id.* at 2:11-13. It is neither the Court's nor defendants' obligation to comb through all previous filings in this case to determine the nature of plaintiff's claims. Instead, it is incumbent on plaintiff to properly allege all claims he wishes to pursue in this action.

opposition.

All defendants have moved to dismiss plaintiff's "Third Amended Complaint." Plaintiff did not file an opposition to any of defendants' motions. Instead, several days before a scheduled hearing, plaintiff filed seven motions, including a motion for good cause for delayed filings, motion for discovery and motion for sanctions. Plaintiff's "motion for good cause for delayed filings" requests the Court consider part of the "Third Amended Complaint" as a response to defendants' motions.[5] In plaintiff's motion for sanctions against Lake County he claims Lake County's Reply to Plaintiff's Failure to Oppose Motion to Dismiss was a frivolous filing and that his failure to oppose did not concede the motion.[6]

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), overruled on other grounds by *Davis v. Scherer*, 468 U.S. 183 (1984).

---

[5] Plaintiff includes a note at the end of the motion stating:

Note: A recent episode of 'Desperate Housewives' involving questions of a life not lived and life passed by involves a woman named Van DerKamp whose recipe notes are returned to her years later, after she experienced personal tragedy; reconstructs her life by creating the book she wanted to. A recent premiere MTV video by Justin Timberlake about life lost and reconstructed is "Paper Trails."
Mot. for Good Cause at 3.

[6] At the end of the motion for sanctions, plaintiff includes a note stating:

Note: On a recent episode of Arts and Entertainment channel "Exterminator" thousands of vampire bats at a stadium were defecating on the hamburger concession stand; the exterminator set them free because they ate their weight in mosquito every night. Porter-Scott [law firm representing Lake County] uses the word concession here to mean Balu is analogous to the vampire bats, and the meat that fed the humans is analogous to his case, (army man lawyers like Whitefleet do this job for one reason-to eat well at society's expense) this "meat" because of a "continous" omission has become a "concession" and Balu can now be consumed by the evil the defendants did; they are the vampire bats in this analogy who have justified their existence by prosecuting crime, the mosquitoes.

Mot. for Sanctions at 2.

4

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). While courts do not require "heightened fact pleading of specifics," a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965. Plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION[7]

Now before the Court are defendants' motions to dismiss the Third Amended Complaint. To the extent the Third Amended Complaint incorporates by reference the previous deficient pleadings, the complaint fails to state a claim for all of the reasons stated in the Court's December 15, 2008 order. In addition, to the extent plaintiff attempted to amend the claims against defendants Bondoc, Gohel, and Lake County, those claims fail.

Plaintiff alleges that his previous lawyers, Rommel Bondoc and Jai Gohel, were state actors under 42 U.S.C. § 1983 because they were required to perform mental health evaluation and treatment functions under a state statute. As the Court previously instructed, in order to hold private individuals liable under section 1983, plaintiff must allege that these private parties are "willful participant[s] in

---

[7] For purposes of analyzing plaintiffs' claims, the Court assumes without deciding that plaintiff's claims are timely.

5

United States District Court
For the Northern District of California

joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *see also Kirtley v. Rainey*, 326 F.3d 1088 (9th Cir. 2003). Plaintiff's assertion that "all lawyers required to perform mental health evaluation and treatment functions under state statute are state actors in that regard" is insufficient to show that Bondoc and Gohel were state actors participating jointly with the State. As lawyers, Bondoc and Gohel were not acting under color of state law while performing a lawyer's traditional functions as counsel to their defendant in criminal proceedings. *See Polk County v. Dodson*, 454 U.S. 312, 335 (1981).

With regard to Lake County, plaintiff alleges that the Lake County Sheriff, Lake County and the District Attorney's office "had a custom, and policy similar to that of the late J. Edgar Hoover administration, of not requiring audio or video recordings of suspect interviews." Third Complaint at 5. Plaintiff contends that this policy was a "constitutional violation" that deprived him of a fair trial and falsely incriminated him at trial. *Id*. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that (1) "the conduct complained of was committed by a person acting under color of state law;" and that (2) "this conduct deprived the claimant of a constitutional right." *Rinker v. County of Napa*, 831 F.2d 829, 831 (9th Cir. 1987). The Constitution does not require law enforcement to record interviews. *Cf. People v. Holt*, 15 Cal.4th 619, 663 (1997) (recording of statements is not necessary to ensure fundamental fairness and is not mandated by the federal constitution) (citing *Arizona v. Youngblood*, 488 U.S. 51 (1988)).

Accordingly, the Court GRANTS defendants' motions to dismiss the complaint. The Court finds that it would be futile to grant plaintiff leave to amend because the third amended complaint suffers from the same deficiencies that the Court identified in the original complaint. In addition, plaintiff's numerous improper pleadings convince the Court that further amendment would not be fruitful.

///

///

**CONCLUSION**

For the reasons stated above, the Court GRANTS defendants' motions to dismiss without leave to amend. (Docket Nos. 70, 72, 75, 77, 78, 81, 84, 88). All other pending motions are denied as moot.

**IT IS SO ORDERED.**

Dated: February 25, 2009

SUSAN ILLSTON
United States District Judge